J-S31024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JERMAINE R. GORDON, SR. | |
| Appellant | No. 439 MDA 2015 |

Appeal from the PCRA Order February 17, 2015
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000383-2013

BEFORE:  SHOGAN, J., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED JULY 08, 2016**

Jermaine R. Gordon, Sr. appeals, *pro se*,[1] from the order entered on February 17, 2015, in the Court of Common Pleas of Franklin County, denying him relief on his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.  In this timely appeal, Gordon raises eight issues regarding trial court error, prosecutorial misconduct, ineffective assistance of trial counsel, ineffective assistance of PCRA counsel,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Gordon's counsel filed a **Turner/Finley** no merit letter with the PCRA court. **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).  His motion to withdraw as counsel was granted by the trial court.  As required, Gordon was informed of his right to obtain new counsel.  He opted to represent himself in this appeal.

and PCRA court error. After a thorough review of Gordon's brief,[2] the certified record and relevant law, we affirm.

In the underlying matter, Gordon was tried before a jury on a variety of charges related to his assault of his estranged wife. Essentially, the victim testified that Gordon, under the guise of reconciliation, invited her to dinner, then tried to force her to smoke a "blunt", forced her to undress, and then beat her with his fists, a bottle, and iron, and a drinking glass. The victim suffered various abrasions, a bite to her back and a gash on her forehead.[3] The jury found him guilty of aggravated assault attempting to cause serious bodily injury, aggravated assault causing bodily injury with a deadly weapon, false imprisonment, simple assault, terroristic threats, possession of a small amount of marijuana and possession of drug paraphernalia.[4] He received an aggregate sentence of 138 to 276 months' incarceration. His direct appeal afforded him no relief. **See Commonwealth v. Gordon**, 105 A.3d 800 (Pa. Super. 2014) (unpublished memorandum). He then filed this, timely, PCRA petition. The petition raised

---

[2] The Commonwealth opted not to file an appellee's brief.

[3] Gordon testified on his own behalf that he did not assault his wife. Rather, after having consensual sex, she attempted to steal more than $1,000 from him and tried to escape by climbing out the window while only partially clothed. However, he pulled her back inside by her feet, at which time she bumped her head on the windowsill.

[4] 18 Pa.C.S. §§ 2702(a)(1), 2702(a)(4), 2903(a), 2701(a)(1), 2706(a)(1), 35 P.S. §§ 780-113(a)(31)(i) and 780-113(a)(32) respectively.

two claims: (1) trial "counsel failed to conduct a prompt investigation of the circumstances of the case", and (2) "Prosecution sought out to charge defendant with simple assault victim false testimony had defendant charges change to aggravated assault." **See** PCRA Petition, 10/22/14, p. 3.

Counsel was appointed and ultimately filed a **Turner/Finley** no merit letter and motion to withdraw as counsel. In the **Turner/Finley** letter, counsel addressed the issues of ineffective assistance of trial counsel regarding failure to object to the presentation of false evidence,[5] failure to investigate and failure to challenge the sentence as excessive.

After proper notice, the petition was denied without a hearing and counsel was granted leave to withdraw. Gordon did file a response to the notice of intent to dismiss without a hearing. The PCRA court found Gordon's response to be vague and determined no hearing was required. **See** Pa.R.Crim.P. 907(1) (regarding dismissal of a PCRA petition without a hearing).

After his petition was denied, Gordon appealed and raised seven issues in his Pa.R.A.P. 1925(b) statement of errors complained of on appeal. These issues were: 1) insufficient evidence to support his convictions, 2) ineffective assistance of trial counsel in failing to subpoena treating physician to impeach the victim's testimony, 3) ineffective assistance of trial counsel for

_____

[5] This claim produced a related claim of insufficiency of the evidence.

failing to challenge credibility of victim with the affidavit of probable cause, 4) ineffective assistance of counsel for failing to conduct pre-trial investigation as to who leased the apartment where the incident took place in order to prove Gordon did not possess the drugs, 5) the Commonwealth intentionally failed to call treating physician, 6) ineffective assistance of trial counsel for failing to file post-sentence motion regarding excessive sentence, and 7) PCRA court error in dismissing the petition without a hearing.

In his *pro se* appellant's brief, Gordon has raised eight issues. These are: 1) trial court error in holding preliminary hearing when Gordon sought a continuance to obtain new counsel, 2) trial court error in allowing the Commonwealth to amend the charges after the preliminary hearing, thereby allowing a new count of aggravated assault without having presented a prima facie case, 3) ineffective assistance of counsel for failing to conduct a prompt investigation, 4) ineffective assistance of counsel for failing to file a motion to suppress evidence, 5) ineffective assistance of counsel for failing to present medical report or expert medical testimony, 6) ineffective assistance of PCRA counsel for filing a ***Turner/Finley*** letter, 7) prosecutorial misconduct for presenting false evidence and testimony during the trial, and 8) PCRA court error in dismissing the petition without a hearing.

There appears to be only one that was raised before both the PCRA court and on appeal. That is ineffective assistance of counsel for the failure to conduct a prompt investigation regarding "ownership" of the apartment. Because none of the other issues in Gordon's brief was preserved before the

PCRA court, they have been waived.[6]  Similarly, any issues raised before the PCRA court, but were not preserved in the 1925(b) statement and/or in the appellant's brief have been abandoned.[7]

Accordingly, we will examine the only properly preserved issue.  Our standard of review of an order denying PCRA relief is well settled.

> Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Ruiz*, 131 A.3d 54, 57 (Pa. Super. 2015) (citation omitted).

> To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. The failure to meet any of these aspects of the ineffectiveness test results in the claim failing.

*Commonwealth v. Stultz*, 114 A.3d 865, 880 (Pa. Super. 2015) (citation omitted).

---

[6] "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."  Pa.R.A.P. 302(a); *Commonwealth v. York*, 465 A.2d 1028, 1032 (Pa. Super. 1983).

[7] *Commonwealth v. Frank*, 640 A.2d 904, 907 (Pa. Super. 1994) (failure to brief an issues results in abandonment of that issue); *Commonwealth v. Keysock*, 345 A.2d 767, 770 (Pa. Super. 1975) (Claims preserved but not pursued on appeal have been abandoned).

Gordon claims trial counsel was ineffective for failing to conduct a prompt pre-trial investigation into the identity of the legal tenant of the apartment. Gordon posits that by showing his name was not on the lease, he would have demonstrated the drugs and drug paraphernalia found in the apartment were not his. Gordon has provided no legal support for this argument. Here, the victim testified that upon her arrival in the apartment, Gordon tried to force her to smoke a "blunt" filled with marijuana and cocaine. *See* N.T. Trial 8/2/2013, at 25. That testimony placed Gordon personally in control of the drugs and paraphernalia, regardless of who the legal tenant of the apartment was or even whether that person had been the purchaser of the drugs. The PCRA court correctly noted that dominion and control of the small amount of marijuana and drug (cocaine) spoons is not dependent upon "ownership" of the apartment.[8] *See* PCRA Court Opinion, 4/23/2015, at 18. Therefore, based on the victim's testimony, Gordon can show no prejudice due to trial counsel's failure to show his name was not on the lease. Accordingly, his claim of ineffective assistance of counsel must fail.

In light of the foregoing, Gordon is not entitled to relief. We note that it has been difficult to attempt to follow Gordon's claims from their inception

---

[8] *See Commonwealth v. Valette*, 613 A.2d 548, 550 (Pa. 1992) (constructive possession demonstrated by dominion and control over the illegal substance).

in the *pro se* PCRA petition through his appellant's brief. We located only one constant issue throughout the PCRA process. However, the PCRA court authored a comprehensive 28-page opinion in response to Gordon's claims. This opinion addresses the wide variety of issues Gordon raised without necessarily addressing whether the issue had been waived. To the extent that we may have misinterpreted any of Gordon's claims, we rely, in the alternative, upon the sound analysis provided by the PCRA court in its April 23, 2015 Opinion.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/8/2016</u>